1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  DAVID CHARLES THATCHER,                    CV F   07-00725 AWI DLB HC

10                          Petitioner,        FINDINGS AND RECOMMENDATION
                                              REGARDING RESPONDENT'S MOTION TO
11        v.                                  DISMISS

12                                            [Doc. 14]
      FELKER,
13
                            Respondent.
14  _____/

15
16        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17  pursuant to 28 U.S.C. § 2254.

18                                    BACKGROUND

19        Following a jury trial in the Tulare County Superior Court, Petitioner was convicted of

20  four counts of robbery and one count of grand theft of a firearm.  The jury also found true that

    Petitioner used a firearm in the commission of three robberies and a knife in the commission of
21
    one robbery.  In a bifurcated proceeding the trial court found true allegations that Petitioner
22
    committed two prior offenses within the meaning of the three strikes law, suffered a prior serious
23
    felony conviction and served a prior prison term.  Petitioner was sentenced to an indeterminate
24
    state prison term of 162 years to life.  (Lodged Docs. Nos. 1-2.)
25
          On April 16, 2003, the California Court of Appeal, Fifth Appellate District, affirmed the
26
    judgment.  (Lodged Doc. No. 2.)  Petitioner sought review in the California Supreme Court
27
    which was denied on June 25, 2003.  (Lodged Docs. Nos. 3-4.)
28

1    Petitioner filed five pro se state post-conviction collateral challenges.  The first petition

2    was filed in the Tulare County Superior Court on March 4, 2004, and denied on March 12, 2004

3    with citations to In re Robbins, 18 Cal.4th 770, 780791 (1998) and In re Clark, 5 Cal.4th 750,

4    797-798 (1993).  (Lodged Docs. Nos. 5-6.)

5    The second petition for writ of habeas corpus was filed in the Fifth District Court of

6    Appeal on August 23, 2005, and denied on January 26, 2006.  (Lodged Docs. Nos. 7, 8.)

7    The third petition for writ of habeas corpus was filed in the California Supreme Court on

8    July 6, 2006, and denied on February 7, 2007.  (Lodged Docs. Nos. 9, 10.)

9    The fourth petition for writ of habeas corpus was filed in the Tulare County Superior

10    Court on April 17, 2007, and denied on the same day.  (Lodged Docs. Nos. 11, 12.)

11    The fifth and last petition for writ of habeas corpus was filed in the Fifth District Court of

12    Appeal on May 15, 2007, and denied on June 14, 2007.  (Lodged Docs. Nos. 13, 14.)

13    Petitioner filed the instant petition for writ of habeas corpus on May 16, 2007. (Court

14    Doc. 1.)  Respondent filed the instant motion to dismiss the petition on August 13, 2007. (Court

15    Doc. 14.)  Petitioner filed a traverse on September 13, 2007, and Respondent filed a reply on

16    September 24, 2007.  (Court Docs. 17, 18.)  Petitioner filed a sur-reply on October 4, 2007.

17    (Court Doc. 21.)

18    <u>DISCUSSION</u>

19    A.    <u>Procedural Grounds for Motion to Dismiss</u>

20    Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

21    petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

22    entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

23    The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer

24    if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of

25    the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)

26    (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White

27    v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review

28    motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12

2

1   (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a

2   response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F.

3   Supp. at 1194 & n. 12.

4         In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C.

5   2244(d)(1)'s one-year limitations period.  Therefore, the Court will review Respondent's motion

6   to dismiss pursuant to its authority under Rule 4.

7   B.    Limitation Period for Filing a Petition for Writ of Habeas Corpus

8         On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

9   of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

10  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

11  2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118

12  S.Ct. 586 (1997).  The instant petition was filed on October 14, 2004, and thus, it is subject to the

13  provisions of the AEDPA.

14        The AEDPA imposes a one year period of limitation on petitioners seeking to file a

15  federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244,

16  subdivision (d) reads:

17        (1)  A 1-year period of limitation shall apply to an application for a writ of
      habeas corpus by a person in custody pursuant to the judgment of a State court.
18    The limitation period shall run from the latest of –

19          (A) the date on which the judgment became final by the conclusion of
      direct review or the expiration of the time for seeking such review;
20

21          (B) the date on which the impediment to filing an application created by
      State action in violation of the Constitution or laws of the United States is
      removed, if the applicant was prevented from filing by such State action;
22

23          (C) the date on which the constitutional right asserted was initially recognized
      by the Supreme Court, if the right has been newly recognized by the Supreme Court and
      made retroactively applicable to cases on collateral review; or
24

25          (D) the date on which the factual predicate of the claim or claims
      presented could have been discovered through the exercise of due diligence.

26        (2) The time during which a properly filed application for State post-
      conviction or other collateral review with respect to the pertinent judgment or
27    claim is pending shall not be counted toward any period of limitation under this
      subsection.

28

1    In this case, the petition for review was denied by the California Supreme Court on

2  June 25, 2003.[1]   Thus, direct review would conclude on September 23, 2003, when the ninety

3  (90) day period for seeking review in the United States Supreme Court expired.[2] Barefoot v.

4  Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999)

5  (concluding period of "direct review" includes the period within which one can file a petition for

6  a writ of certiorari in the United States Supreme Court); Smith v. Bowersox, 159 F.3d 345, 347

7  (8th Cir.1998).  Petitioner would have one year from September 24, 2003, absent applicable

8  tolling, in which to file his federal petition for writ of habeas corpus.  See Patterson v. Stewart,

9  251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil

10  Procedure governs the calculation of statutory tolling applicable to the one year limitations

11  period.

12  C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

13    Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed

14  application for State post-conviction or other collateral review with respect to the pertinent

15  judgment or claim is pending shall not be counted toward" the one year limitation period.  28

16  U.S.C. § 2244(d)(2).  In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is

17  tolled from the time the first state habeas petition is filed until the California Supreme Court

18  rejects the petitioner's final collateral challenge."[3]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.

19  1999), cert. denied, 120 S.Ct. 1846 (2000); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999);

20  Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).  The Court reasoned that tolling the

21  limitations period during the time a petitioner is preparing his petition to file at the next appellate

22  level reinforces the need to present all claims to the state courts first and will prevent the

23

24    [1]Cal. R. Ct. 24(a) providing that an order of the Supreme Court denying a petition for review of a decision of a Court of Appeal becomes final when it is filed.

25    [2]See Sup.Ct. R. 13(1)

26    [3] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999).  Although a Superior Court order

27  denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal.  Id.  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by

28  way of a petition for review, or may instead file an original habeas petition in the Supreme Court.  See id.

premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. <u>Id</u>. at 1005.  However, petitioner is not entitled to statutory tolling for any petition denied by the state court as untimely, because such a petition is considered "neither 'properly filed' nor 'pending'" in the state courts within the meaning of 28 U.S.C. § 2244(d)(2).  <u>Thorson v. Palmer</u>, 479 F.3d 643, 645 (9th Cir. 2007) (citing <u>Bonner v. Carey</u>, 425 F.3d 1145, 1149 (9th Cir. 2005) (citing <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 417 (2005); <u>see</u> <u>also</u> <u>Evans v. Chavis</u>, 546 U.S. 189, 198 (2006).  The limitations period, also, will not toll for the time a petition for writ of habeas corpus is pending in federal court.  <u>Duncan v. Walker</u>, 533 U.S. 167 (2001).

       1.  <u>First Petition Was Not a Properly Filed Petition</u>

In denying the first state habeas corpus petition on March 12, 2004, the Tulare County Superior Court cited to <u>In re Robbins</u>, 18 Cal.4th 770, 780-791 (1998) and <u>In re Clark</u>, 5 Cal.4th 750, 797-798 (1993).   These citations refer to the petition's untimeliness. Under <u>Pace</u> and <u>Chavis</u>, Petitioner is not entitled to any statutory tolling for the time the untimely petition was pending. The state superior court's alternative merits ruling does not change this result.  <u>Pace</u>, 544 U.S. at 412.

       2.  <u>The Second Petitioner Was Not a Properly Filed Petition</u>

As previously stated, Petitioner filed his second habeas corpus petition in the California Court of Appeal, Fifth Appellate District, on August 23, 2005.  (Lodged Doc. No. 7.)  The appellate court denied the petition without comment on January 26, 2006.  (Lodged Doc. No. 8.)

Because the California Supreme Court's opinion is summary in nature, however, this Court "looks through" that decision and presumes it adopted the reasoning of the California Court of Appeal, the last state court to have issued a reasoned opinion. <u>See</u> <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); <u>see also</u> <u>LaJoie v. Thompson</u>, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable

1  application of federal law under § 2254(d)(1)).

2          The last reasoned decision was issued by the state superior court on March 12, 2004.

3  (Lodged Doc. No. 6.)  As discussed in section "C(1)," ante, the superior court denied the petition

4  as untimely and alternatively for lack of merit.  (Id.)  As previously stated, the finding of

5  untimely rendered the superior court petition as not "properly filed."  Because it is presumed the

6  second petition was rejected for the same reason, it too was not "properly filed," and does not

7  serve to toll the limitations period.

8          However, as Respondent submits, even if the Court were to find that the first petition was

9  properly filed because of the alternative merits ruling, the second state petition was filed after the

10  one-year limitations period expired.  If tolled, the statute of limitations would have expired on

11  October 2, 2004, adding the nine days the first state petition was pending.  Thus, even if the first

12  petition were tolled, the instant federal petition is still untimely, as it was not filed until May 16,

13  2007, over two years later.

14          3.   Subsequent Post-Conviction Actions Do Not Toll

15          The second through fifth state petitions were filed after the expiration of the limitations

16  period.  Consequently, they do not serve to toll the limitations period.  (Lodged Docs. Nos. 7-14.)

17  It is well-established that the filing of a state collateral action after expiration of the limitations

18  period does not restart the clock at zero or otherwise save a claim from being time-barred.  In

19  other words, once the statute has run, a collateral action cannot revive it.  Jiminez v. Rice, 276

20  F.3d 478, 482 (9th Cir. 2001).

21  D.   Equitable Tolling

22          The limitations may be equitably tolled if Petitioner can show "'(1) that he has been

23  pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

24  prevented timely filing."  Lawrence v. Florida, 127 S.Ct. 1079, 1085 (quoting Pace v.

25  DiGuglielmo, 544 U.S. 408, 418 (2005)).  Equitable tolling is generally unavailable in most

26  cases, and the prisoner "must show that the 'extraordinary circumstances' were the cause of his

27  untimeliness."  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted).  Indeed,

28  "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the

1  rule." <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting <u>United States v.</u>

2  <u>Marcello</u>, 212 F.3d 1005, 1010 (7th Cir. 2000)).

3      In his opposition, Petitioner contends he is ignorant of the law and was unaware of the

4  time limitations.  (Opposition, at 2.)  Petitioner further contends that he was not allowed access

5  to the law library.  (<u>Id</u>.)  In his sur-reply, Petitioner continues to claim that he was ignorant of the

6  law and was denied access to the law library.  (Sur-reply, at 1-2.)

7      The Ninth Circuit has held that claims of ignorance of the law and illiteracy are

8  insufficient to justify equitable tolling.  <u>See</u> <u>e.g.</u>,<u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th

9  Cir. 2006) (a petitioner's lack of legal sophistication is not, by itself, an extraordinary

10  circumstance warranting equitable tolling); <u>Hughes v. Idaho State Bd. of Corrections</u>, 800 F.2d

11  905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but

12  insufficient to establish cause); <u>Kibler v. Walters</u>, 220 F.3d 1151, 1153 (9th Cir. 2000) (lack of

13  knowledge of state law not cause); <u>Marsh v. Soares</u>, 223 F.2d 1217, 1220 (10th Cir. 2000); <u>Fisher</u>

14  <u>v. Johnson</u>, 174 F.3d 710 (5th Cir. 1999); <u>Rose v. Dole</u>, 945 F.2d 1331, 1335 (6th Cir.1991).

15  Accordingly, Petitioner's claim that he was ignorant of the law is clearly not a valid basis for

16  equitable tolling.

17      Second, the ordinary limitations placed on Petitioner's access to the prison law library do

18  not establish a basis for equitable tolling.  More specifically, Petitioner does not even state why

19  he was denied access to the law library, nor does Petitioner provide any specifics in support of

20  his claim or any showing that he diligently attempting to pursue his claims.  Petitioner's claim is

21  simply too conclusory and vague to warrant a basis for equitably tolling the petition.

22      Lack of access to the library does not automatically justify a basis for equitable tolling.

23  <u>See</u> <u>Frye v. Hickman</u>, 273 F.3d 1144, 1146 (9th Cir. 2001).  In general, unpredictable lockdowns

24  and library closures do not constitute extraordinary circumstances warranting equitable tolling

25  where the petitioner fails to make a showing how the lockdowns and library restrictions

26  interfered with the year available to him. <u>See</u> <u>United States v. Van Poyck</u>, 980 F.Supp. 1108,

27  1111 (C.D.Cal.1997) (inability to secure copies of transcripts from court reporters and lockdowns

28  at prison lasting several days and allegedly eliminating access to law library were not

1   extraordinary circumstances and did not equitably toll one-year statute of limitations); <u>Atkins v.</u>

2   <u>Harris</u>, 1999 WL 13719, *2 (N.D.Cal. Jan.7, 1999) ("lockdowns, restricted library access and

3   transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA]

4   statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such

5   matters into account when calculating when to file a federal [habeas] petition.... Petitioner's

6   alleged lack of legal sophistication also does not excuse the delay.").  Further, the Constitution

7   does not guarantee unlimited access to the law library and an inmate having to wait for his or her

8   turn is not denied access to the courts.  <u>Lindquist v. Idaho Board of Corrections</u>, 776 F.2d 851,

9   858 (9th Cir. 1985); <u>Miller v. New Jersey State Department of Corrections</u>, 145 F.3d 616, 618-

10  619 (3d Cir. 1998); <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998).  Petitioner has not

11  demonstrated any connection to his apparent lack of or limited access to the law library and his

12  inability to file a timely petition.  Nor has Petitioner made any showing that he was attempting to

13  diligently pursue his rights.  Petitioner has simply presented nothing more than conclusory

14  allegations, which are insufficient to demonstrate equitable tolling.  Because Petitioner bears the

15  burden of proof of entitlement to equitable tolling and he has failed to meet his burden, the

16  instant petition is untimely.  <u>Pace v. DiGuglielmo</u>, 544 U.S. at 418; <u>Smith v. Duncan</u>, 297 F.3d

17  809, 814 (9th Cir. 2002); <u>Hinton v. Pac. Enters.</u>, 5 F.3d 391, 395 (9th Cir. 1993).

18                                             <u>RECOMMENDATION</u>

19          Based on the foregoing, it is HEREBY RECOMMENDED that:

20          1.   Respondent's motion to dismiss the petition as time-barred be GRANTED; and

21          2.   The action be DISMISSED, with prejudice.

22          This Findings and Recommendations is submitted to the assigned United States District

23  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of

24  the Local Rules of Practice for the United States District Court, Eastern District of California.

25  Within thirty (30) days after being served with a copy, any party may file written objections with

26  the court and serve a copy on all parties.  Such a document should be captioned "Objections to

27  Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served

28  and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the

objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

        IT IS SO ORDERED.

    **Dated:**     **October 9, 2007**                      _____ **/s/ Dennis L. Beck**_____
                                                    UNITED STATES MAGISTRATE JUDGE