UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID CHARLES THATCHER, | ) | 1:07-cv-00725-AWI-DLB-HC |
| | ) | |
| Petitioner, | ) | **ORDER ADOPTING FINDINGS AND** |
| | ) | **RECOMMENDATION** (Doc. 22) |
| v. | ) | |
| | ) | **ORDER GRANTING MOTION TO** |
| FELKER, | ) | **DISMISS** (Doc. 14) |
| | ) | |
| Respondent. | ) | **ORDER DISMISSING ACTION** |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

On October 9, 2007, the Magistrate Judge filed Findings and a Recommendation that Respondent's motion to dismiss the petition as time-barred be GRANTED, and the action be DISMISSED, with prejudice.  These Findings and Recommendation were served on all parties and contained notice that any objections were to be filed within thirty (30) days from the date of service of that order.  On October 26, 2007, Petitioner filed objections to the Findings and Recommendation.

//

/

1

1    In accordance with the provisions of 28 U.S.C. § 636
2 (b)(1)(C), this Court has conducted a de novo review of the case.
3 Having carefully reviewed the entire file, including Petitioner's
4 objections, the Court concludes that the Magistrate Judge's
5 Findings and Recommendation are supported by the record and proper
6 analysis.  Petitioner's objections present no grounds for
7 questioning the Magistrate Judge's analysis.

8    The filing of the state petitions did not toll the limitations
9 period because the state court petitions were found to be untimely.
10 The state court's alternative denial of these petitions on the
11 merits does not negate that the petitions were not properly filed.
12 See  Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir. 2003) ("A
13 state court's application of a procedural rule is not undermined
14 where . . . the state court simultaneously rejects the merits of
15 the claim.").

16    In the objections, Petitioner appears to argue that his lack
17 of legal training has made it impossible for him to understand how
18 to properly file his state and federal habeas petitions.  Title 28
19 U.S.C. § 2244(b)'s limitations period is subject to equitable
20 tolling if "extraordinary circumstances beyond a prisoner's
21 control" have made it impossible for the petition to be filed on
22 time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th
23 Cir. 1998) (citing Alvarez-Machain v. United States, 107 F.3d 696,
24 701 (9th Cir.1996)).  Petitioner's basic contention is that he was
25 unable to comply with the statute of limitations because only an
26 attorney could understand all of the rules.  Petitioner's argument
27 would apply to most habeas corpus petitioners filing petitions in
28 this court.  Such an argument cannot be the basis for equitable

2

tolling. The Ninth Circuit has made clear that equitable tolling is justified in few cases and the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule. <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003). Thus, Petitioner's lack of knowledge about the law and how to properly file state and federal habeas corpus petitions does not entitle him to equitable tolling.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation, filed October 9, 2007, are ADOPTED IN FULL;
2. Respondent's motion to dismiss the petition as time-barred, filed August 13, 2007, is GRANTED; and,
3. The action is therefore DISMISSED, with prejudice.

IT IS SO ORDERED.

**Dated:     December 20, 2007**                     /s/ Anthony W. Ishii
                                                                  UNITED STATES DISTRICT JUDGE